UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DAVID OWENS, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:15-cv-00421-JMS-MPB |
| | ) | |
| FRANKLIN SPARKS, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This matter is before the Court on Defendant Franklin Sparks' Motion for Summary Judgment. [Filing No. 74.] Plaintiff David Owens, Jr., proceeding pro se, alleges that Mr. Sparks hit Mr. Owens in the hand with a spatula while working in the kitchen at Pendleton Correctional Facility ("PCF"). [Filing No. 57.] Mr. Owens alleges that Mr. Sparks' conduct violates the Eighth Amendment prohibition on excessive force, in violation of 42 U.S.C. § 1983. [Filing No. 57.] Because a reasonable trier of fact could find that Mr. Sparks intentionally struck Mr. Owens without any justification, the Court **DENIES** Mr. Sparks' Motion.

## I.
### LEGAL STANDARD

A motion for summary judgment asks the Court to find that a trial is unnecessary because there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). As the current version of Rule 56 makes clear, whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). A party can also support a fact by showing that the materials cited do not establish the absence or presence of a genuine dispute or that the adverse

party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1)(B). Affidavits or declarations must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on matters stated. Fed. R. Civ. P. 56(c)(4). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially in the grant of summary judgment. Fed. R. Civ. P. 56(e).

In deciding a motion for summary judgment, the Court need only consider disputed facts that are material to the decision. A disputed fact is material if it might affect the outcome of the suit under the governing law. *Hampton v. Ford Motor Co.*, 561 F.3d 709, 713 (7th Cir. 2009). In other words, while there may be facts that are in dispute, summary judgment is appropriate if those facts are not outcome determinative. *Harper v. Vigilant Ins. Co.*, 433 F.3d 521, 525 (7th Cir. 2005). Fact disputes that are irrelevant to the legal question will not suffice to defeat summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

On summary judgment, a party must show the Court what evidence it has that would convince a trier of fact to accept its version of the events. *Johnson v. Cambridge Indus.*, 325 F.3d 892, 901 (7th Cir. 2003). The moving party is entitled to summary judgment if no reasonable factfinder could return a verdict for the non-moving party. *Nelson v. Miller*, 570 F.3d 868, 875 (7th Cir. 2009). The Court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Darst v. Interstate Brands Corp.*, 512 F.3d 903, 907 (7th Cir. 2008). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *O'Leary v. Accretive Health, Inc.*, 657 F.3d 625, 630 (7th Cir. 2011). The Court need only consider the cited materials, Fed. R. Civ. P. 56(c)(3), and the Seventh Circuit Court of Appeals has "repeatedly assured the district

courts that they are not required to scour every inch of the record for evidence that is potentially relevant to the summary judgment motion before them," *Johnson,* 325 F.3d at 898. Any doubt as to the existence of a genuine issue for trial is resolved against the moving party. *Ponsetti v. GE Pension Plan*, 614 F.3d 684, 691 (7th Cir. 2010).

## II.
### BACKGROUND

The following factual background is set forth pursuant to the standards detailed above. The facts stated are not necessarily objectively true, but as the summary judgment standard requires, the undisputed facts and the disputed evidence are presented in the light most favorable to "the party against whom the motion under consideration is made." *Premcor USA, Inc. v. American Home Assurance Co.*, 400 F.3d 523, 526-27 (7th Cir. 2005).

### A. The Parties

In 2014, Mr. Owens, an inmate at PCF, worked in the kitchen. [Filing No. 76-1 at 5.] As a kitchen worker, Mr. Owens performed a variety of duties, such as slicing vegetables, cleaning, and preparing trays. [Filing No. 76-1 at 3-4.] Mr. Sparks was an employee of Aramark Correctional Services, LLC ("Aramark"), which provided food services to inmates at PCF. [Filing No. 76-2 at 2.]

### B. The Incident

On July 17, 2014, Mr. Owens was cleaning utensils in the kitchen when Mr. Sparks entered from the Aramark office. [Filing No. 76-1 at 5.] Then, according to Mr. Owens' deposition testimony, Mr. Owens and Mr. Sparks had the following exchange:

> And I was like standing off to the side, and he was coming like from like the office area where the Aramark logo is, like the non-inmates come from. And I was like, I just, I spoke to him. I was like, "What's up, Frank?" And he was like, "Get to work." That was his first comment.
>
> I said, "I am working." I said, "Man, find you something to do." I said, "I shouldn't have even spoke to you."
>
> So at that point he walked in the pots and pans section. He grabbed a spatula and turned around and was like, "Shut up," and swinging like this. And I put my hand up to keep him from hitting me in the face, and he cut my fingers.

[Filing No. 76-1 at 5.]

Mr. Sparks swung the spatula downward toward Mr. Owens' face, and would have hit Mr. Owens in the face had he not put his hand up to block the spatula. [Filing No. 76-1 at 5.] Instead, the spatula hit Mr. Owens' left hand, nicking his left pinky and cutting his left ring finger. [Filing No. 76-1 at 5.] Mr. Sparks said, "I'm sorry. I didn't mean to," and gave Mr. Owens a Band-Aid and iodine wipe. [Filing No. 76-1 at 6.] Two other inmates at PCF witnessed Mr. Sparks swing at and hit Mr. Owens. [Filing No. 91-1 at 1-3; Filing No. 91-1 at 9-11.]

### C. Immediate Aftermath

Mr. Owens informed the supervising officer of what happened and informed the officer that he needed medical attention because his hand was hurting. [Filing No. 76-1 at 6.] Specifically, Mr. Owens needed a note excusing him from working due to the injury, colloquially called a "lay-in." [Filing No. 76-1 at 6.] The officer informed Mr. Owens that he would need to write an incident report and visit the medical unit. [Filing No. 76-1 at 6.] Mr. Owens went to Mr. Sparks and told him that they would need to file an incident report. [Filing No. 76-1 at 6.] Mr. Sparks

4

replied, "You're going to get me fired." [Filing No. 76-1 at 6.] According to Mr. Owens, the two had the following exchange as they were walking:

> We end up walking to dining room one. And like during the span of like, I'd say about 10, 15 minutes, he kept repeating over and over, "You're going to get me fired."
> I said, "I'm just trying to get to medical to see what these people say about my hand," because it was bleeding. It wasn't, it was like, because the Band-Aid was on there, it wasn't bleeding bad, but it was coming through the Band-Aid.
> So we walk over to dining room one, and we sat at the table and he asked me, he said, "What are we going to say what happened?" And I said, "The truth." I said, "I might need a lay-in, so we going to tell them the truth."

[Filing No. 76-1 at 6.] Mr. Owens and Mr. Sparks then sat down to write the incident report:

> He had me -- we sat at the table. He had me, you know, say what happened. And I told him the truth. I might need a lay-in, so we got to tell them the truth. He said, "You're going to get me fired."
> And he filled out the incident report. And I went to medical. And then from medical -- I went over to medical. They basically did the same thing I did. They cleaned the wound and put a Band-Aid on it again, and they sent me to my dorm.

[Filing No. 76-1 at 6.]

### D. Incident Report

Mr. Sparks filled out the following "Report of Offender Injury" form ("Incident Report"):

**REPORT OF OFFENDER INJURY** — EXHIBIT #1 — Indiana Department of Correction — CONFIDENTIAL

**I. REPORT OF INJURY**

- Date of Injury: 7-17-14
- Time: 630 AM
- Place: Kitchen
- Personnel present? Yes — Supervisor
- Name of person present: Franklin Sparks
- Title: Supervisor
- Witnesses? No

**PART OF BODY INJURED:** Fingers (checked); Elbow L (checked)

What caused the injury?
"I accidentally hit offender in hand with spatula."

**IMMEDIATE ACTION TAKEN:** First Aid by Rana Stoops RN; Sent to Infirmary (checked)

**METHOD OF TRANSPORTATION:** Walked on own accord (checked)

**II. REPORT OF HEALTH CARE PROVIDER**

Treatment ordered and/or given:
98.4 T    98 O2    75 P    17 RR    118/70
Cleaned left ring finger where there is a tiny cut w/ antibacterial soap, applied bacitracin & put bandaid on it

Follow-up or recommendations: wash hands c antibacterial soap

Restrictions (if any): none

Signature of health care provider: Rana Stoops RN
Reporting date: 7-17-14

**PATIENT IDENTIFICATION**
- Name of patient: David Owens
- ID number: 160596
- Date of birth: 1-9-84

[Filing No. 76-1 at 48.] Under the box labelled "What caused the injury?", Mr. Sparks wrote, "I accidentally hit offender in hand with spatula." [Filing No. 76-1 at 48.]

At his deposition, Mr. Owens had the following exchange regarding the Incident Report:

> Q. And then it says "What caused the injury?" And Mr. Sparks, it appears, wrote, "I accidently hit offender in hand with spatula."
> A. Mm-hmm.
> Q. Do you agree with that?
> A. Yes, sir.

[Filing No. 80 at 7.]

### E. Procedural History

On March 13, 2015, Mr. Owens brought suit against Aramark and Mr. Sparks. [Filing No. 1.] Following screening orders, [Filing No. 7; Filing No. 11; Filing No. 61], and pleading amendments, [Filing No. 10; Filing No. 19; Filing No. 57], Mr. Owens' Eighth Amendment excessive force claim remains pending against Mr. Sparks. Mr. Sparks seeks summary judgment in his favor, arguing that he is entitled to judgment as a matter of law. [Filing No. 74.]

## III.
### DISCUSSION

In support of his Motion, Mr. Sparks argues that the evidence demonstrates that the spatula incident was an accident.[1] [Filing No. 75 at 8.] Specifically, Mr. Sparks argues that Mr. Owens agreed at his deposition that Mr. Sparks accidentally struck Mr. Owens. [Filing No. 75 at 8.] Mr.

---

[1] Mr. Sparks also seeks summary judgment on Mr. Owens's Eighth Amendment deliberate indifference claim. [Filing No. 75 at 5-8.] But as Mr. Owens himself recognizes, [Filing No. 91 at 5], he has not pursued a deliberate indifference claim, [Filing No. 11 at 1 (entry clarifying that "there is no claim for denial of medical treatment")]. The Court therefore **DENIES AS MOOT** this portion of Mr. Sparks's Motion.

Sparks argues that an accidental strike cannot support an Eighth Amendment excessive force claim. [Filing No. 75 at 8.]

In response, Mr. Owens argues that he has raised a genuine issue of material fact as to whether Mr. Sparks' actions were intentional. Mr. Owens argues that, in his deposition testimony, he agreed with the questioner that the Incident Report stated that the incident was an accident. [Filing No. 91 at 2-3.] Mr. Owens argues that he did not agree that the incident itself was an accident. [Filing No. 91 at 2-3.]

In reply, Mr. Sparks submitted Mr. Owens' errata sheet from his deposition, [Filing No. 93-1], arguing that it shows that Mr. Owens understood how to correct erroneous deposition testimony, [Filing No. 94 at 3-4]. Mr. Sparks also argues that Mr. Owens' affidavit, submitted as evidence with Mr. Owens' response brief, should be disregarded as a sham. [Filing No. 94 at 3-4.]

In surreply, Mr. Owens states that he only submitted errata corrections where he believed that there were stenographic errors. [Filing No. 96 at 1-2.] Mr. Owens reiterates that, at his deposition, he only agreed with the questioner that the Incident Report stated that the incident was an accident. [Filing No. 96 at 1-2.]

The Eighth Amendment prohibits "cruel and unusual punishments" and distinguishes between "force . . . applied in a good-faith effort to maintain or restore discipline" and force applied "maliciously and sadistically to cause harm." *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (quoting *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)). This inquiry looks not to the extent of the injury suffered, but to the "nature of the force" applied, *id.* at 39, considering "whether there was a genuine need to use force[] and whether the amount of force used corresponded to that need," *Mitchell v. Kreuger*, 594 F. App'x 874, 876-77 (7th Cir. 2014) (collecting cases). "Infliction of

pain that is totally without penological justification is per se malicious." *Fillmore v. Page*, 358 F.3d 496, 504 (7th Cir. 2004) (quoting *Hope v. Pelzer*, 536 U.S. 730, 737 (2002)).

In this case, Mr. Sparks provides no evidence of any penological justification for his alleged actions. Rather, the sole issue is whether there is sufficient evidence from which a jury could find that Mr. Sparks intentionally struck Mr. Owens. Moreover, the Court need not reach the issue of whether Mr. Owens' summary judgment affidavit is a sham because the Court agrees with Mr. Owens that he did not admit in his deposition that Mr. Sparks' actions were accidental.

To the contrary, Mr. Owens testified that Mr. Sparks "grabbed a spatula and turned around," told Mr. Owens to "[s]hut up," and swung the spatula down at Mr. Owens' face. [Filing No. 80 at 5.] Only later, when the questioner was asking Mr. Owens about the Incident Report, did Mr. Owens testify as follows:

> Q. And then it says "What caused the injury?" And Mr. Sparks, it appears, wrote, "I accidently hit offender in hand with spatula."
> A. Mm-hmm.
> Q. Do you agree with that?
> A. Yes, sir.

Mr. Owens quite reasonably explains that his agreement with the questioner only extended to what the Incident Report "says" and what Mr. Sparks "wrote"—particularly when read in the context of Mr. Owens' clear testimony from just a few pages earlier about Mr. Sparks swinging the spatula at him. Mr. Sparks's attempt to parse Mr. Owens' testimony to reach a different conclusion is wholly unavailing, especially given that the Court must give Mr. Owens the benefit of all reasonable inferences under Rule 56. Mr. Owens' testimony raises a reasonable inference that Mr. Sparks intentionally struck Mr. Owens with a spatula without any penological interest in doing so. This is sufficient to require a trial on Mr. Owens' excessive force claim.

## IV.
### CONCLUSION

For the foregoing reasons, the Court **DENIES** Mr. Sparks' Motion for Summary Judgment. [Filing No. 74.] The Court will endeavor to recruit counsel to represent Mr. Owens at trial. Once counsel is recruited, the Court will issue a separate order setting a trial date and related deadlines.

Date: 11/7/2017

*Jane Magnus-Stinson*
Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution:**

Christopher Douglas Cody
HUME SMITH GEDDES GREEN & SIMMONS
ccody@humesmith.com

David Owens, Jr.
#160596
Pendleton Correctional Facility
Electronic Service Participant – Court Only